## BAKER v NEIL HOUSE COMPANY

Ohio Appeals, 2nd Dist, Franklin Co

Decided October 6, 1931

Dolle, O'Donnell & Cash, Cincinnati, and Butler, Carlile & Bartlett, Columbus, for Louis Drach.

Maxwell & Ramsey, Cincinnati, and Wilson & Rector, Columbus, for Fifth Third Union Trust Company.

ALLREAD, PJ.

The question is whether under the averments of the said second amended answer and cross-petition the demurrer should have been sustained. There are elaborate briefs presented by respective counsel. Louis Drach by his counsel claims that he is entitled to a lien by way of subrogation either under the mortgage or by the common law. Counsel for the mortgagee trust company insist that Drach has no such lien, and they are fortified by the written opinion of the trial court. We have carefully considered the authorities presented by the respective counsel. The mortgage, by section 8 and section 14, makes provision as to a bondholder obtaining a lien by way of subrogation. By section 8 it is provided that the trustee in the mortgage may in his discretion, or any bondholder may, if the trustee

does not wish to do so, pay the ground rent for which the company is in default, and that "any sum of money expended by the trustee or any bondholder for any such purpose shall, with interest at the rate of eight per cent. (8%) per annum from the dates of payment, become a lien prior to the lien of the bonds secured hereby upon the trust estate and shall be protected as such by this instrument, without prejudice, however, to the right of the trustee, hereunder, by reason of any such default in payment by the company, to declare the full amount secured hereby due and payable as hereinafter provided." This paragraph is followed in the same section by the following limitation: "But the trustee shall not be required to honor or protect the lien of any bondholder under this paragraph, unless it shall have received notice in writing from said bondholder to the effect that said bondholder claims a lien under this paragraph, prior to the lien of the bonds issued hereunder, and giving the amount thereof and the date from which it bears interest."

This is a limitation upon the bondholders' right of subrogation. The money was paid by Drach on June 30, 1926, to the Neil House Company, and the Neil House Company paid the same to the holders of the lease, so that whatever subrogation arose must have arisen at the time of the payment of the money to the Neil House Company and at the time of its payment to the lessees. This was July 1, 1926.

It is admitted in the pleading that Drach never notified the mortgagee until September 14, 1928, some two years and three months after the payment of the ground rent by Drach. Was this notice sufficient to give Drach the right of subrogation? We cannot escape the conclusion that the trustee of the bondholders was entitled to notice in writing at or about the time of the payment of the money, and that unless Drach, or some one in his interest, gave such notice to the mortgagee at or about the time of the claim of subrogation, Drach has no equitable or legal right to a subrogation for the amount of money paid to the trustee under the lease. This stipulation does not provide that, unless the written notice is given, no subrogation on behalf of any bondholder can arise, but the plain inference is that, unless the notice is given practically contemporaneous with the payment of the money, the failure to give such notice would operate against the right of subrogation. In each of the cases referred to, there is some equitable right to the subrogation, that is, the payment was made under circumstances which gave the party

paying the money an equitable right to subrogation. We cannot conceive that there was any equity in favor of Drach arising at the time of the payment of the money which would entitle him to a subrogation. The only parties who had notice of the payment were the Neil House Company and the lessees to whom the money was paid. The claim that the payment of interest is a partial payment calls for a more distinct equity in favor of Drach. The mortgagee may in such case desire to proceed to foreclose, and is therefore entitled to compliance with the provision of the mortgage for notice. Drach in not observing these provisions at the times of payment, and in delaying the giving of notice for more than two years, was guilty of unreasonable delay, and does not appeal to the conscience of a court of equity.

We cannot resist the conclusion, therefore, that Louis Drach is not entitled to a lien by way of subrogation, and that the demurrer to the second amended petition must be sustained.

Demurrer sustained.

HORNBECK and KUNKLE, JJ, concur.